UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LANCELOT L. CAMPBELL,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

I3 GROUP, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1.    Plaintiff, on behalf of himself and all others similarly situated, alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, LANCELOT L. CAMPBELL, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida at all times material to the allegations stated herein.

4.     Defendant, I3 GROUP, LLC, ("I3") is a limited liability company formed under the laws of the State of Maryland and citizen of the State of Maryland with its principal place of business at Suite 201, 2405 York Road, Lutherville Timonium, Maryland 21093.

5.     Defendant is registered with the State of Maryland as a limited liability company. Its registered agent for service of process is The Corporation Trust, Incorporated, Suite 201, 2405 York Road, Lutherville Timonium, Maryland 21093.

## FACTUAL ALLEGATIONS

6.     Within the last four years, Defendant left repetitive pre-recorded messages on Plaintiff's voice mail on his cellular telephone seeking to assist a person who is a friend of Plaintiff, Sanjay R. Williams ("Mr. Williams").

7.     Defendant, or others acting on its behalf, left the following message on Plaintiff's voice mail on his cellular telephone on or about the date stated:

> **September 26, 2016 - Pre-recorded message**
> Hello. This call is for Sanjay R. Williams Sanjay R. Williams we are calling you today from the I-3 Group on behalf of Keiser University, Fort Lauderdale. The purpose of our call today is to provide you with solutions, assistance or information regarding your education Keiser University, Fort Lauderdale. For your convenience you may call us toll free at 1-877-618-3648 and or visit our website at www.I-3group.com.

8.     In addition to the foregoing, Defendant left messages on other occasions and on still other occasions, called and hung-up without leaving any message.

9.     At some point after the calls started, Plaintiff inquired of his friend, Mr. Williams, as to why Defendant would be calling Plaintiff.

2

10. Mr. Williams informed Plaintiff that he gave Keiser University Plaintiff's name and telephone number in connection with an application for financial aid.

11. Defendant used an automatic telephone dialing system or pre-recorded or artificial voice to place calls to Plaintiff's cellular telephone without her consent.

12. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

13. The messages encroached upon Plaintiff's privacy and seclusion.

## CLASS ACTION ALLEGATIONS

14. The class is defined as (i) all Florida citizens (ii) to whom Defendant placed a telephone call to that person's cellular telephone service (iii) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (iv) during the four year period prior to the filing of the complaint in this matter through the date of class certification.

15. Plaintiff alleges on information and belief, based on Defendant's use of telephone messages to a cellular telephone service through an automatic telephone dialing system or artificial voice, that the classes are so numerous that joinder of all members is impractical.

16. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether Defendant's telephone messages violate the TCPA.

17. Defendant, its employees and agents are excluded from the class. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members.

18. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

19. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and consumer class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

20. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

21. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Plaintiff requests certification of a hybrid class action combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and all similarly situated persons and against Defendant for:

 a. Statutory damages;

 b. a declaration that Defendant's calls violate the TCPA;

 c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff and all similarly situated persons cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

 d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      DONALD A. YARBROUGH, ESQ.
      Attorney for Plaintiff
      Post Office Box 11842
      Ft. Lauderdale, FL 33339
      Telephone: 954-537-2000
      Facsimile: 954-566-2235

                                                don@donyarbrough.com

                                      By: s/ Donald A. Yarbrough
                                            Donald A. Yarbrough, Esq.
                                            Florida Bar No. 0158658